1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10 | SANTOS LOPEZ CASTILLO,                    | 1:08-cv-01843 MJS (HC)

11 |                        Petitioner,        | ORDER DISMISSING PETITION FOR
                                              | WRIT OF HABEAS CORPUS
12 |      v.
                                              | ORDER DIRECTING CLERK OF COURT
13 |                                          | TO ENTER JUDGMENT AND CLOSE
     J. SUGRUE,                               | CASE
14
                        Respondent.          | ORDER DECLINING ISSUANCE OF
15 |                                          | CERTIFICATE OF APPEALABILITY

16 | _____/

17        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241 and has consented to Magistrate Judge jurisdiction.

19                                    **BACKGROUND**

20        Petitioner filed the instant petition on December 1, 2008. (Pet. (Doc. 1))  Petitioner

21   is serving a sentence of 151 months for a violation of 21 U.S.C. §§ 841(A)(1) and 846 for

22   conspiracy and distribution of methamphetamine imposed by the United States District

23   Court for Nevada.  (Answer, Ex. 1.) Petitioner asserts his sentence should be reduced as

24   the convicting court did not downwardly depart from the sentencing guidelines based on

25   his deportable alien status. (Pet. pp. 6-7.)  Petitioner claims that the failure to reduce his

26   sentence is in violation of the Equal Protection Clause of the Fourteenth Amendment and

27   occurred due to ineffective assistance of counsel. (Id.)

28   ///

-1-

1

**DISCUSSION**

2       A federal prisoner who wishes to challenge the validity or constitutionality of his

3 conviction or sentence must do so by way of a motion under 28 U.S.C. § 2255.  Tripati v.

4 Henman, 843 F.2d 1160, 1162 (9th Cir.1988).  In such cases, only the sentencing court

5 has jurisdiction.  Id. at 1163. A prisoner may not collaterally attack a federal conviction or

6 sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

7 Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162.  In

8 contrast, a federal prisoner challenging the manner, location, or conditions of that

9 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. §

10 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

11      Petitioner is attacking the conviction and sentence, not the manner, location, or

12 conditions of the sentence's execution. He argues that his deportability status was a

13 mitigating factor entitling him to a downward departure in his sentence. Because Petitioner

14 is challenging his conviction and sentence, he must pursue his claims in the sentencing

15 court via a motion under 28 U.S.C. § 2255.

16      The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

17 authorized to seek relief under § 2255 to seek relief under § 2241 if "the remedy by motion

18 [under § 2255] is inadequate or ineffective to test the validity of his detention." Ivy v.

19 Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting § 2255); United States v. Pirro,

20 104 F.3d 297, 299 (9th Cir. 1997).   Section 2255 petitions are rarely found to be

21 inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior

22 § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63

23 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255

24 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v.

25 Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the petitioner to show that the

26 remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.

27 1963).

28 ///

1    Petitioner has not shown § 2255 to be inadequate or ineffective. The Ninth Circuit

2  has provided little guidance on what constitutes "inadequate and ineffective" in relation to

3  the savings clause but has acknowledged that "[o]ur sister circuits, however, have held that

4  § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may

5  proceed under § 2241) when the petitioner claims to be: (1) legally innocent of the crime

6  for which he has been convicted; and, (2) has never had an "unobstructed procedural shot"

7  at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing* Lorentsen v. Hood, 223 F.3d 950,

8  954 (9th Cir. 2000) (internal citations omitted). "In other words, it is not enough that the

9  petitioner is presently barred from raising his claim of innocence by motion under § 2255.

10  He must never have had the opportunity to raise it by motion." Id. Petitioner does not

11  provide any reason why he has not sought relief in the sentencing court with a motion

12  pursuant to § 2255.

13    As Petitioner has a remedy available to him by way of a motion under § 2255, the

14  petition will be dismissed without prejudice.

15  ## CERTIFICATE OF APPEALABILITY

16    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

17  appeal a district court's denial of his petition, and an appeal is only allowed in certain

18  circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute

19  in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

20  provides as follows:

21    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
22    district judge, the final order shall be subject to review, on appeal, by the
      court of appeals for the circuit in which the proceeding is held.

23    (b) There shall be no right of appeal from a final order in a proceeding to test the
      validity of a warrant to remove to another district or place for commitment or
24    trial a person charged with a criminal offense against the United States, or
      to test the validity of such person's detention pending removal proceedings.
25

26    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an
      appeal may not be taken to the court of appeals from–

27        (A) the final order in a habeas corpus proceeding in which the
      detention complained of arises out of process issued by a State
28    court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case,  reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for failure to allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241;

2) The Clerk of Court is DIRECTED to enter judgment and close the case;

///
///
///
///
///

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    June 25, 2010           _____ /s/ *Michael J. Seng*_____
                                   UNITED STATES MAGISTRATE JUDGE

-5-